UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TWIN FLAMES UNIVERSE.COM,
INC., *et al.*,

        Plaintiffs,

v.

LOUISE COLE, *et al.*,

        Defendants.
_____/

Case No.: 20-11660
Hon. Gershwin A. Drain

## ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS [#20]

### I. INTRODUCTION

Plaintiffs are Michigan residents who run a set of organizations devoted to spiritual wellness, relationship guidance, and self-love through a connection with your "twin flame," or true love. *See* ECF No. 18, PageID.193. After the Defendants began posting purported false statements about Plaintiffs' businesses on social media and repeated these falsehoods to a Canadian reporter, Plaintiffs filed the instant lawsuit alleging defamation, tortious interference with contractual relations and civil conspiracy against numerous out-of-state residents, including Defendant Louise Cole, an Arizona resident. *Id.* at PageID.194-200.

On March 23, 2021, after briefing and oral argument on Defendant Cole's Motion to Dismiss for Lack of Personal Jurisdiction, the Court granted her motion and

˘1˘

declined to transfer the action to the United States District Court for the District of Arizona concluding the interests of justice did not support transfer under the statute. *Id.* at PageID.212-13 ("Here, the Court finds the interest of justice does not warrant transfer under 28 U.S.C. §§ 1404(a) or 1631 in light of Plaintiffs' apparent bad faith bringing this action in an improper forum in order to increase the litigation costs for Defendant Cole.")

Now before the Court is Defendant Cole's Motion for Sanctions, filed on April 30, 2021. Defendant initially sought an award in the amount of $16,581.85, but now moves for an award of $19,069.42 in sanctions, which represents the attorney fees, costs and expenses incurred by Defendant in defending this action in this improper forum. Plaintiffs filed a Response in Opposition on May 14, 2021, and Defendant filed her Reply on May 21, 2021. Plaintiff filed her supplemental brief seeking a higher sanctions award amount on October 19, 2021.

Upon review of the parties' submissions the Court concludes oral argument will not aid in the resolution of this matter. Accordingly, the Court will determine the Defendant's Motion for Sanctions on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, the Court denies Defendant's Motion for Sanctions.

## II. LAW & ANALYSIS

Plaintiff moves for an award of sanctions pursuant to this Court's inherent

authority.1  A district court has inherent authority to impose sanctions upon any person "who willfully abuses judicial processes or who otherwise acts in bad faith." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006) (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766-67(1980)).  To impose sanctions under its inherent authority, a court "need only find 'the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment.'" *Adams v. Penn Line Servs., Inc.*, 620 F. Supp.2d 835, 839 (N.D. Ohio 2009) (quoting *Big Yank Corp. v. Liberty Mut. Fire Ins*. Co., 125 F.3d 308, 313 (6th Cir. 1997)). "In the Sixth Circuit, a court need not find the conduct sanctionable under any other rule or statute to apply its inherent powers to impose sanctions." *Id.*  A district court may impose sanctions jointly and severally against a party and his counsel.  *Id.*

Defendant relies on two statements made by the Plaintiffs in support of her request for sanctions–one before the Complaint was filed, and another after the case was dismissed against Defendant Cole.  First, Defendant directs the Court to Plaintiffs' March 2020 Cease and Desist Letter, wherein the Plaintiffs warned the Defendants that if they did not retract their statements made to the Canadian news media, the Plaintiffs would "subpoena you ALL to courts in Michigan, where you

---

1 In her Reply brief, Defendant indicates she withdraws her request for sanctions under Rule 11 of the Federal Rules of Civil Procedure.  The Court therefore will

don't live, and will have to pay travel expenses, hotels, food, court fees, lawyer fees in addition to the money we will sue you for." ECF No. 18, PageID.199-200. Additionally, Defendant denotes that after the Court granted her Motion to Dismiss, the Plaintiffs posted the following statement to their website, "Thank you Haters, VICE, and Vanity Fair . . .[w]e reserve the right to take up our lawsuit again any time we deem it appropriate or necessary and we will continue to collect any evidence which would build that case against you." ECF No. 20,PageID.223.

Based on these statements, Defendant argues Plaintiffs have admitted their bad faith purpose in bringing this lawsuit in this forum was to drive up litigation costs for Defendant Cole. Here, the Court cannot conclude, without more, that Plaintiffs attempted to dredge up extra litigation costs for Defendant Cole. Indeed, the Court's decision to decline to transfer the case to the district court in Arizona was based on Plaintiffs' "*apparent* bad faith bringing this action in an improper forum in order to increase the litigation costs for Defendant Cole." When considering the propriety of imposing sanctions, the Court must consider Plaintiffs' statements in light of the Complaint's allegations that they are harmed business owners. Moreover, Plaintiffs are untrained in the law and federal court jurisdiction. Their statements therefore can also be construed as a poor attempt to scare the defendants about litigation costs generally, particularly when laypersons would not necessarily know they cannot file

---

not address whether Defendant is entitled to sanctions under Rule 11.

suit in the court closest to their home.

Similarly, the Court cannot conclude on this record that counsel' arguments in support of personal jurisdiction were meritless. Nor can the Court find counsel's arguments were objectively unreasonable. In fact, the Court directed the parties to submit additional briefing on the issue before reaching its ultimate conclusion that it lacked personal jurisdiction over Defendant Cole. This was a brief action that was resolved with a single motion. "Plaintiff may have asserted arguments that were ultimately unavailing," however, it cannot be said the case was litigated in bad faith. *Richtone Design Grp., L.L.C. v. Classical Pilates, Inc.*, No. 06 CIV. 0547, 2007 WL 1098706, *2 (S.D.N.Y. Apr. 10, 2007).

### III. Conclusion

Accordingly, for all of the reasons articulated above, the Court declines to impose sanctions under its inherent authority.

Defendant Cole's Motion for Sanctions [#217] is DENIED.

SO ORDERED.

Dated: December 6, 2021

/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 6, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk